22-6175
Arbizu-Zavala v. Garland

BIA
McCarthy, IJ
A208 675 011

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

MARIA GRISELDA ARBIZU-ZAVALA,
> *Petitioner*,

> v.                                        **22-6175**
>                                           **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Edward C. Durant, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Griselda Arbizu-Zavala, a native and citizen of El Salvador, seeks review of a March 17, 2022, decision of the BIA affirming an August 29, 2018, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Griselda Arbizu-Zavala*, No. A208 675 011 (B.I.A. Mar. 17, 2022), *aff'g* No. A208 675 011 (Immigr. Ct. N.Y.C. Aug. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*. *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010). "[T]he administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Arbizu-Zavala alleged that a gang killed her stepfather for being in a relationship with a gang member's wife and then told her mother to leave her stepfather's house.

An applicant for asylum and withholding of removal has the burden to establish (1) either past persecution, a well-founded fear of persecution (for asylum), or a likelihood of persecution (for withholding of removal); and (2) that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see id*. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (concluding that "one central reason" standard applies to both asylum and withholding).

First, Arbizu-Zavala does not contest the agency's finding that the gang's lone threat did not amount to past persecution and has thus abandoned that issue. *See Debique v. Garland,* 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). Moreover, her only allegation of past harm was that

gang members once warned her mother that they would be killed if they did not leave her stepfather's house. Unfulfilled threats are generally insufficient to establish past persecution. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 406–07 (2d Cir. 2014). That general rule applies here.

Second, Arbizu-Zavala did not establish a well-founded fear of future persecution. Because Arbizu-Zavala did not demonstrate past persecution, she was not entitled to a presumption of future persecution and thus had the burden to establish a well-founded fear or likelihood of such persecution on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(iii).

Arbizu-Zavala did not meet her burden. As the BIA emphasized, she remained unharmed in El Salvador for five years with no further interactions with the gang members who killed her stepfather. Accordingly, the agency did not err in concluding that her fear of future persecution was not objectively reasonable. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [the applicant's] fear is speculative at best."). Because she failed to establish a well-founded fear of future harm, we need not reach the agency's alternative nexus determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make

findings on issues the decision of which is unnecessary to the results they reach.").

Moreover, because her CAT claim was based on this same fear, her failure to establish the likelihood of harm required for asylum is dispositive. *See Lecaj*, 616 F.3d at 119–20 (holding that applicant who "fails to demonstrate the slight, though discernable, chance of persecution required for the grant of asylum . . . necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (internal quotation marks and citations omitted)). Without more, her fear of general gang violence does not state a CAT claim. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring applicant to show "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court